[Cite as *State v. Dangler*, 2020-Ohio-4243.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio                                           Court of Appeals No. WM-16-010

      Appellee                                        Trial Court No. 15CR000129

v.

Brad J. Dangler                                    **DECISION AND JUDGMENT**

      Appellant                                       Decided:   August 28, 2020

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney,
and Rachael A. Sostoi, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This matter is before the court on remand from the Ohio Supreme Court. This case was originally before this court on appeal from the December 14, 2015 judgment of the Williams County Court of Common Pleas convicting Brad J. Dangler of sexual battery, following acceptance of his no contest plea, and sentencing him.

{¶ 2} In his first assignment of error, appellant argued he did not enter a voluntarily and knowingly made plea because the trial court failed to inform him of the

consequences of the Tier III sex offender classification. Following our precedent, we found the trial court completely failed to comply with Crim.R. 11(C) because it failed to inform appellant of each of the penalties and, therefore, the plea was invalid. We vacated appellant's sentence and found the remaining assignment of error was moot. Because our holding was in conflict with two other appellate districts, we certified the issue to the Ohio Supreme Court for resolution.

{¶ 3} On review, the Ohio Supreme Court held that the notification the defendant received was sufficient to constitute partial compliance with Crim.R. 11, and that there was no evidence in the record to support a finding that appellant was prejudiced and would not have entered his plea. *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765, ¶ 22, 26. The case has been remanded to this court for consideration of the second assignment of error which had been found moot.

{¶ 4} In his second assignment of error, appellant argues the trial court erred when it imposed attorney fees at sentencing without finding appellant had the ability to pay.

{¶ 5} R.C. 2941.51(D) provides that the trial court shall not assess representation fees as part of the state's costs of the prosecution. However, the trial court can impose the costs of appointed counsel separately if the court finds on the record that "the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person." *Id*. The finding of the trial court must be supported by clear and convincing evidence on the record. *State v. Thomas*, 6th Dist. Williams No. WM-18-005, 2019-Ohio-2654, ¶ 20.

2.

{¶ 6} In this case, the trial court never made any findings at the sentencing hearing regarding appellant's ability to pay the cost of the services rendered by his appointed counsel. Therefore, we find appellant's second assignment of error well-taken.

{¶ 7} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Williams County Court of Common Pleas is affirmed, in part, and reversed, in part. The trial court's sentencing order requiring appellant to pay the costs of appointed counsel is vacated. In all other respects, the sentencing judgment is affirmed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,<br/>and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

3.